UNITED STATES S. S. CO. v. ALLIED S. S. CORPORATION.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 108.

EVIDENCE ☞411—PAROL EVIDENCE—WRITING INCOMPLETE ON ITS FACE.

A written memorandum, indorsed on a charter party and signed by the parties, that "this charter is hereby canceled by mutual consent," does not exclude parol evidence of the agreement upon which the cancellation was made.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Allied Steamship Corporation against the United States Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Barber, Watson & Gibboney, of New York City (Stuart G. Gibboney and Geo. M. Burditt, both of New York City, of counsel), for plaintiff in error.

Frederic H. Cowden, of New York City, for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The written pleadings contained in the record cast little light on the issues actually tried. By them little more is shown than that from numerous defendants, all in some way connected, or said to have been connected with the steamship Ocama, plaintiff desired to recover $5,000, while defendant United States Steamship Company denied on oath substantially every allegation of the complaint.

The plaintiff's evidence showed that the Allied Company had chartered the Ocama from the Continental Trading Company, and on signing the charter had paid on account of hire $5,000. In this transaction the Continental Company was acting as agent for Ocama's owners. The United States Company did not own the steamer, but seems to have owned the stock of the concern that was the owner; yet it received the $5,000 aforesaid. Thereafter, and before delivery of vessel under said charter party, disputes and differences arose between the parties concerned, whereupon by mutual agreement the charter party was canceled. About the foregoing facts there was substantially no dispute, but a copy of the charter party was put in evidence, bearing the following indorsement: "This charter is hereby canceled by mutual consent"—signed by the Allied and Continental Companies, through admittedly authorized agents. The only fact difference between the parties was that Allied Company gave testimony tending to show that one Morse, the president of United Company, had agreed when the charter party was canceled, to return the aforesaid $5,000 to Allied Company, and this proposition was wholly denied by the defendant. Upon this showing, and at the close of all the evidence, plaintiff's counsel made the following application:

"I move to amend my complaint to conform with the proof to show that this charter party was rescinded, and that as a part of the said agreement of cancellation by rescission the United States Steamship Company agreed by its president, Charles W. Morse, to return this payment of $5,000."

To this motion no objection was made by defendant, though it dropped out of the case all the other parties and wholly changed the issue.

The motion was granted without exception, and thereupon the United States Company moved "to strike out all the testimony as to the conversation relating to" the agreement of cancellation, because "the writing of the cancellation is complete in itself and parol testimony cannot be given to vary the terms of any agreement."

An exception was taken to the refusal of this motion, and also to the refusal of the court to charge in substance as matter of law that the record owners of the Ocama were (by reason of certain delays of the Allied Company) "entitled to cancel the said charter party and retain the deposit of $5,000."

The Allied Company had a verdict after the court had very plainly put to the jury the issues raised by the motion to amend and to such charge no exception was taken.

On this writ plaintiff in error points out that some of the Allied Company's evidence declared that Morse had said; when the charter party was canceled:

"I give you my word of honor that out of the first cargo, or out of all cargoes I have, this money [i. e., the $5,000] comes back."

Thereupon defendant offered to prove how much freight money the Ocama received on her first trip after the cancellation. This was objected to, and excluded over exception, and is now assigned for error. We find no merit in any of these propositions.

1. The memorandum indorsed upon the charter party merely stated a result; it did not give, nor purport to state, the terms of cancellation. "The mere circumstance that some writing had been made by parties for the better recollection of the terms of their transaction does not of itself make that writing the sole memorial of the transaction, even to the extent covered by the writing." 4 Wigmore, Ev. § 2429. This transaction is very far within the rule thus well stated.

2. The request denied by the court had become wholly immaterial by the radical amendment made after the close of the evidence. It then stood admitted that there had been a cancellation "by mutual consent." That consent plainly included the record owners of the Ocama; but, even if it did not, their possible rights did not in the least affect the question whether the United States Company, by its president, had agreed to return to the Allied Company money which it had actually received.

3. In like manner, if there ever was any merit in the offer to prove how much the United States Company, or its president, got out of the subsequent freights of the Ocama, the point became immaterial, when the issues were changed by amendment unobjected to.

The case then stood as upon an oral pleading, the answer of the defendant below being a general denial. If that defendant then held

that it was only liable to pay out of a special fund, there was ample opportunity to present that issue. It never was presented, either in the original written answer or by motion to amend. Therefore the exception became worthless, whatever may have been its original merit.

Let the judgment be affirmed, with costs.